IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| CARLOS BECERRA,            ) | |
| )| |
| Petitioner,                )| |
| )| Civil Action No. |
| v.                         )| 2:19cv679-ALB |
| )| (WO) |
| UNITED STATES OF AMERICA,  )| |
| )| |
| Respondent.                )| |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### **I. INTRODUCTION**

Carlos Becerra, a federal inmate at the Maxwell Federal Prison Camp, filed this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 on September 12, 2019.[1] Doc. No. 1. Becerra challenges the validity of his convictions and sentence entered by the United States District Court for the Southern District of Texas.[2] He claims that the trial court lacked jurisdiction over his criminal case because it had no proper authorization under Article III to hear his case. *Id.* at 2. In support of this claim, Becerra alleges that "he is currently (and has been) [illegally] 'in custody under or by color of authority of United

---

[1] Becerra's petition was date-stamped as received by this court on September 16, 2019. Becerra represents that he submitted the petition on September 12, 2019. Applying the prison mailbox rule, with no evidence to the contrary, the court deems the petition to have been filed on September 12, 2019. *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2] The docket sheet from Becerra's criminal case in the United States District Court for the Southern District of Texas indicates that Becerra pled guilty in May 2005 to (1) conspiracy to distribute 5 kilograms or more of cocaine and (2) possession of firearms in furtherance of a drug trafficking crime. *United States v. Becerra*, 4:04CR446 (S.D. Tex. 2006). In March 2006, the district court sentenced Becerra to a total term of 360 months in prison. *Id.* In February 2015, Becerra's sentence was reduced to 301 months. *Id.*

States' due to the fact that his originating court accepted a guilty plea without Article III authority. The United States never claimed [the requisite] injury by Petitioner's alleged conduct. . . . Once again, the United States never accessed Article III judicial powers." *Id*. Becerra therefore claims that his current incarceration is unlawful, as it is based on a void judgment of conviction. *Id*. For the reasons that follow, the undersigned concludes that this case should be transferred to the United States District Court for the Southern District of Texas, the court that entered Becerra's convictions and sentence.

## II. DISCUSSION

Federal courts have "an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). Although this action is brought as a habeas petition under 28 U.S.C. § 2241, the court must consider whether this action is properly styled as such, or if it is more appropriately considered as a motion to vacate under 28 U.S.C. § 2255.

Section 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. *See, e.g., Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351–52 (11th Cir. 2008) (petition challenging decision of federal Parole Commission is properly brought under § 2241); *Bishop v. Reno,* 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is a matter for habeas corpus). For purposes of venue, petitions properly filed under § 2241

must be brought in the district in which the petitioner is incarcerated. *Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004).

In contrast, 28 U.S.C. § 2255(a) states:

> A prisoner in custody under sentence of a court established by an Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence* to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added). For actions properly considered under § 2255, venue and jurisdiction lie only in the district of conviction. 28 U.S.C. § 2255(a).

Becerra's self-described § 2241 habeas petition challenges the validity of his convictions and sentence. Generally, a federal prisoner must bring any collateral attack on the legality of his conviction or sentence through a motion to vacate under § 2255 rather than a petition for writ of habeas corpus under § 2241. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017); *Venta v. Warden, FCC Coleman-Low*, 2017 WL 4280936, at *1 (11th Cir. 2017). A petitioner challenging the legality of his federal detention may do so under § 2241 *only* if he shows that § 2255 would be an "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e) (the so called "saving clause"); *see also Johnson v. Warden*, 737 F. App'x 989, 990–91 (11th Cir. 2018).

Becerra's claims challenging his convictions and sentence fall squarely within the category of injuries that § 2255 addresses. When a federal prisoner brings "a traditional claim attacking his [conviction or] sentence that he could have brought in a [§ 2255] motion to vacate, the remedy by [such] motion is adequate and effective to test the legality of his

3

detention. . . . Allowing a prisoner with a claim that is cognizable in a [§ 2255] motion to vacate to access [§ 2241] nullifies the procedural hurdles of section 2255 and undermines the venue provisions." *McCarthan*, 851 F.3d at 1090. Thus, regardless of the label Becerra has placed on his pleadings, his petition challenging his convictions and sentence must be construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.[3]

Section 2255 remains Becerra's exclusive remedy to bring a challenge to his convictions and sentence. Because he challenges a judgment entered in the United States District Court for the Southern District of Texas, jurisdiction to consider his § 2255 motion lies only with the court for the Southern District of Texas. *See* 28 U.S.C. § 2255(a). This court, which sits in the Middle District of Alabama, lacks jurisdiction to consider a § 2255 motion challenging convictions entered by the court for the Southern District of Texas.

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed. Because Becerra is proceeding *pro se*, this court finds it is in the interest of justice that this case be transferred to the United States District Court for the Southern District of Texas.

### III. CONCLUSION

---

[3] In an order entered on September 18, 2019 (Doc. No. 3), this court informed Becerra that the claims in his self-styled habeas petition were properly presented in a 28 U.S.C. § 2255 motion. In accordance with *Castro v. United States*, 540 U.S. 375 (2003), the court notified Becerra of its intention to treat his petition as a § 2255 motion, which would be subject to any procedural limitations for § 2255 motions, and directed him to advise the court whether he wished to proceed on his claims under § 2255, to amend his construed § 2255 motion to assert additional claims under § 2255, or to withdraw his construed § 2255 motion. This court's "*Castro* Order" also advised Becerra that if he failed to file a response in compliance with the order, the case would proceed as an action under 28 U.S.C. § 2255, with the court considering only those claims in the construed § 2255 motion. Becerra failed to file a response complying with the *Castro* Order, but instead filed additional pleadings in which he continued to insist that he was entitled to pursue this action in this court under § 2241. *See* Doc. Nos. 4 & 6.

4

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Southern District of Texas under 28 U.S.C. § 1631.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before November 14, 2019. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, on this the 31st day of October, 2019.

/s/ Susan Russ Walker  
Susan Russ Walker  
United States Magistrate Judge